101.013237    pp

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| TERESA WOODS and VIRGIL WOODS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Court No.:    17 L 008231 |
| | ) | |
| LAWRENCE GRAYSON, Individually and | ) | |
| as an agent and/or employee of PDS | ) | |
| TRANSPORTATION SERVICES, INC., | ) | |
| PDS EXPRESS, INC., PD&S, | ) | |
| BARR NUNN TRANSPORTATION, INC., | ) | |
| KNIGHT TRANSPORTATION, INC., | ) | |
| and/or KNIGHT-SWIFT | ) | |
| TRANSPORTATION HOLDINGS, INC.; | ) | |
| PDS TRANSPORTATION SERVICES, | ) | |
| INC.; PDS EXPRESS, INC.; PD&S; | ) | |
| BARR NUNN TRANSPORTATION, INC.; | ) | |
| KNIGHT TRANSPORTATION, INC.; and | ) | |
| KNIGHT-SWIFT TRANSPORTATION | ) | |
| HOLDINGS INC., | ) | |
| | ) | |
| Defendants, | ) | |
| -------------------------------------------------- | ) | |
| PERISHABLE DISTRIBUTION | ) | |
| SOLUTIONS, | ) | |
| | ) | |
| Respondent-in-Discovery. | ) | |

## NOTICE OF REMOVAL

To:    Larry Rogers, Jr.                        Clerk of the Circuit Court
       Power Rogers & Smith.                    Richard J. Daley Center
       70 West Madison Street, 55th Floor       Chicago, Illinois  60602
       Chicago, Illinois 60606
       lrogersjr@prslaw.com

NOW COMES the defendant, BARR-NUNN TRANSPORTATION, INC. ("Barr-Nunn"),

by and through its attorneys, MICHAEL R. LaBARGE and KATHLEEN J. SCANLAN, and

respectfully files this Notice of Removal pursuant to 28 U.S. §§1332, 1441, and 1446. In support thereof, defendant states as follows:

1.      On August 14, 2017, plaintiffs Teresa Woods and Virgil Woods filed a Complaint at Law in the Circuit Court of the Cook County, Illinois against Lawrence Grayson, individually and as an agent and/or employee of PDS Transportation Services, Inc., PDS Express, Inc., PD&S, Barr Nunn Transportation, Inc., Knight Transportation, Inc., and/or Knight-Swift Transportation Holdings, Inc.; PDS Transportation Services, Inc.; PDS Express, Inc.; PD&S; Barr-Nunn Transportation Inc.; Knight Transportation, Inc.; and Knight-Swift Transpiration Holdings, Inc., captioned *Teresa Woods and Virgil Woods v. Lawrence Grayson, et al.,* Case No. 2017 L 008231. (See Plaintiffs' Complaint at Law attached as Exhibit A.)

2.      Plaintiffs allege that they sustained compensable injuries as a result of a motor vehicle accident that occurred on August 21, 2015 on I-80 just east of I-35 in Des Moines, Polk County, Iowa. (Exhibit A.) Plaintiffs further allege that the negligence of the defendants proximately caused the aforesaid accident and their resultant injuries. (Exhibit A.)

3.      Defendant Barr-Nunn was served with the Complaint at Law on September 1, 2017. (See Declaration of Dan Inman attached as Exhibit B.)

4.      Upon information and belief, co-defendants Lawrence Grayson, PDS Transportation Services, Inc., PDS Express, Inc., PD&S, Knight Transportation, Inc., and Knight-Swift Transpiration Holdings Inc. ("co-defendants") have not been served with a complaint in the state court action. However, upon further information and belief, co-defendants would consent to the removal of the state court action to the Northern District of Illinois, Eastern Division.

5.      PDS Transportation Services, Inc., PDS Express, Inc., PD&S, and Knight-Swift Transpiration Holdings Inc. had no involvement in or connection to the accident that is the subject

matter of this lawsuit. (See Exhibit B.) Barr-Nunn is a subsidiary of Knight Transportation, Inc. However, Knight Transportation, Inc. also had no involvement in or connection to the accident that is the subject matter of this lawsuit. (See Exhibit B.)

## ARGUMENT

**A.    There is Complete Diversity Between Plaintiffs and all Proper Defendants**

6.    There is complete diversity of citizenship between the plaintiffs and the only proper defendants, Barr-Nunn and Lawrence Grayson, and the citizenship of PDS Transportation Services, Inc., PDS Express, Inc., PD&S, Knight Transportation, Inc., and Knight-Swift Transpiration Holdings Inc. can be disregarded by the court under the doctrine of fraudulent joinder. Plaintiffs' claims stem from a motor vehicle accident that they were involved in with Lawrence Grayson, who was transporting a load on behalf of Barr-Nunn. Barr-Nunn and Lawrence Grayson are the only proper defendants in this matter.

7.    PDS Transportation Services, Inc., PDS Express, Inc., PD&S, Knight Transportation, Inc., and Knight-Swift Transpiration Holdings Inc. were not involved in either the accident or the load that Grayson was transporting, and therefore cannot be liable to the plaintiffs for the accident or their subsequent injuries. Furthermore, plaintiffs have not pled facts setting forth plausible claims against PDS Transportation Services, Inc., PDS Express, Inc., PD&S, Knight Transportation, Inc., or Knight-Swift Transpiration Holdings Inc. (See Exhibit B.)

8.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the proper parties; Teresa Woods, Virgil Woods, Barr-Nunn and Lawrence Grayson, and because both plaintiffs are seeking more than $75,000 in damages as a result of the motor vehicle accident.

9.      Plaintiffs are citizens of Illinois because they reside in Crete, Illinois. (See Exhibit A, and see also the Investigating Officer's Report of Motor Vehicle Accident, attached as Exhibit C.)

10.      Barr-Nunn is a citizen of Iowa, which is where it is legally incorporated and where its principal place of business is located. (See Exhibit B.)

11.      Defendant Grayson is a citizen of Kentucky because he resides in Kentucky. (See Exhibit C.)

12.      Upon information and belief, PDS Transportation Services, Inc. is a citizen of Illinois, where it is legally incorporated and where its principal place of business is located. However, as addressed below, PDS Transportation Services, Inc.'s citizenship should be disregarded for the purposes of this removal under the doctrine of fraudulent joinder.

13.      Upon information and belief, PDS Express, Inc. is a citizen of Illinois, where it is legally incorporated and where its principal place of business is located. However, as addressed below, PDS Express, Inc.'s citizenship should be disregarded for the purposes of this removal under the doctrine of fraudulent joinder.

14.      Upon information and belief, PD&S is a citizen of Indiana, where its principal place of business is located. Upon information and belief, PD&S' citizenship does not defeat diversity. However, if it does, as addressed below, PD&S' citizenship should be disregarded for the purposes of this removal under the doctrine of fraudulent joinder.

15.      Upon information and belief, Knight Transportation, Inc. is a citizen of Arizona, where it is legally incorporated and where its principal place of business is located. Upon information and belief, Knight Transportation, Inc.'s citizenship does not defeat diversity.

4

However, if it does, as addressed below, Knight Transportation, Inc.'s citizenship should be disregarded for the purposes of this removal under the doctrine of fraudulent joinder.

16. Upon information and belief, Knight-Swift Transportation Holdings, Inc. is a citizen of Arizona, the location of its principal place of business. Upon information and belief, Knight-Swift Transportation Holdings, Inc.'s citizenship does not defeat diversity. However, if it does, as addressed below, Knight-Swift Transportation Holdings, Inc.'s citizenship should be disregarded for the purposes of this removal under the doctrine of fraudulent joinder.

17. Under well-established principles of federal law and civil procedure, a plaintiff may not destroy a defendant's right of removal by fraudulently or improperly joining a resident defendant.

18. The court must give paramount consideration to the reasonableness of the basis underlying the state claim when determining if a non-diverse defendant has been fraudulently joined. Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against resident defendants.

19. Plaintiffs' cause of action stems from a motor vehicle accident involving Lawrence Grayson. At the time of the accident, Lawrence Grayson was employed by Barr-Nunn, was operating under the authority of Barr-Nunn, and was driving a tractor and trailer owned by Barr-Nunn. None of the other named defendants had any involvement in hiring Grayson, training Grayson, brokering the load, facilitating the load, or transporting the load. (See Exhibit B.)

20. Plaintiffs cannot set forth any facts or legal theory that would prove a reasonable basis for its claims against PDS Transportation Services, Inc., PDS Express, Inc., PD&S, Knight Transportation, Inc., or Knight-Swift Transpiration Holdings Inc. (See Exhibit B.)

21.     There is no basis in law or in fact to hold PDS Transportation Services, Inc., PDS Express, Inc., PD&S, Knight Transportation, Inc., or Knight-Swift Transpiration Holdings Inc. liable for claims related to the August 21, 2015 motor vehicle accident.

22.     As such, this Court should consider PDS Transportation Services, Inc., PDS Express, Inc., PD&S, Knight Transportation, Inc., and Knight-Swift Transpiration Holdings Inc. fraudulently and improperly joined and disregard their citizenship for purposes of this removal.

**B.     The Amount in Controversy Exceeds $75,000**

23.     Based upon plaintiff Teresa Woods' allegations in the Complaint and her recent settlement demand, she is seeking damages in excess of $75,000. Plaintiff alleges in the Complaint that she suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost her normal life, and has been left disfigured and disabled. (Exhibit A, Count I, ¶61.) Plaintiff also alleges that she has incurred numerous hospital and medical expenses, as well as lost earnings and wages she otherwise would have earned and acquired. (Exhibit A, Count I, ¶61.) Plaintiff Teresa Woods demands judgment in excess of $50,000. (Exhibit A.) Moreover, upon information and belief, plaintiff Teresa Woods' medical specials are in excess of $350,000 and are increasing with continued treatment and surgery.

24.     Based upon plaintiff Virgil Woods' allegations in the Complaint, he is seeking damages in excess of $75,000. Plaintiff alleges in the Complaint that he suffered injuries of a personal, permanent and pecuniary nature; has suffered and will continue to suffer pain; has lost [his] normal life, and has been left disfigured and disabled. (Exhibit A, Count III, ¶61.) Plaintiff also alleges that he has incurred numerous hospital and medical expenses, as well as lost earnings and wages he otherwise would have earned and acquired. (Exhibit A, Count I, ¶61.) Plaintiff Virgil Woods demands judgment in excess of $50,000. (Exhibit A.)

C.    **Removal is Proper**

25.    A true and correct copy of the Complaint from the State Court Action which was served upon defendant is attached and filed with this Notice of Removal in compliance with 28 U.S.C. §1446. (Exhibit A.)

26.    This Notice of Removal was filed within 30 days of when Barr-Nunn was served with plaintiffs' Complaint. Consequently, Removal is timely filed in accordance with 28 U.S.C. §1446(b).

27.    Moreover, venue is proper in this Court pursuant to 28 U.S.C. §1441(a) and 1446(a) because the Northern District of Illinois, Eastern Division, is the Federal Judicial District that exercises jurisdiction over the Circuit Court of Cook County, Illinois, where the State Court Action is pending.

28.    By this Notice of Removal, the defendant does not waive any objection it may have as to service, jurisdiction, or venue, or any other defenses or objections it may have to this action. Defendants intend no admissions of fact, law, or liability by this Notice and expressly reserves all defenses, motions, and/or pleas.

29.    Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, the defendant, BARR-NUNN TRANSPORTATION, INC., by and through its attorneys, MICHAEL R. LaBARGE and KATHLEEN J. SCANLAN, respectfully request that this action proceed in the Northern District of Illinois, Eastern Division, and for any further relief this Court deems appropriate.

By: */s/ Michael R. LaBarge*

By: */s/ Kathleen J. Scanlan*

Michael R. LaBarge
Kathleen J. Scanlan
LaBarge, Campbell & Lyon, L.L.C.
Attorneys for Defendant Barr-Nunn Transportation
200 West Jackson Boulevard, Suite 2050
Chicago, Illinois 60606
312-580-9010
mlabarge@lcllaw.com
kscanlan@lcllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2017, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Larry R. Rogers, Jr.
> Power Rogers & Smith
> 70 West Madison Street, 55th Floor
> Chicago, Illinois 60602
> lrogersjr@prslaw.com

/s/ Michael R. LaBarge
Michael R. LaBarge

/s/ Kathleen J. Scanlan
Kathleen J. Scanlan

LaBARGE, CAMPBELL & LYON, L.L.C.
Attorneys for Defendant Barr-Nunn Transportation, Inc.
200 West Jackson Boulevard, Suite 2050
Chicago, Illinois 60606
312-580-9010
312-580-9011
mlabarge@lcllaw.com; kscanlan@lcllaw.com